Thank you for convening for this afternoon's session. I'm here in the courtroom with Judge Pooler. Judge Wesley is participating remotely, so he'll be on your screen at the podium. We'll hear argument this afternoon in No. 21-2563 and 22-757, United States v. Turnquist. Mr. Singer. Good afternoon, judges. It may please the court, Robert Singer on behalf of defendant appellant Nicholas Turnquist in this case. It's good to be back in person as well. Judges, Nicholas Turnquist stands accused of five counts of transporting a minor across state lines for sexual activity. And as our paper set forth, the allegations were made by his de facto stepdaughter. Now, the district judge in this case, notwithstanding the magistrate judge's decision, the probation department's recommendation, and two other state court judges' decisions to release Mr. Turnquist on some bail, chose to detain him pending trial. Why? Well, we believe because the allegations themselves are serious. There's no dispute that those allegations are serious. But the problem with this decision, the problem is, is that the district court chose to focus on the allegations themselves rather than the other factors governing a release. Counsel, can I just interrupt your presentation and ask when trial is scheduled in this case? Trial in this case is scheduled to commence on July 6th. So it's pretty soon. Yes, Judge, very soon. Okay, just asking. Absolutely. So again, the problem is, is that the judge decided to focus on other things other than Mr. Turnquist's history and characteristics, as well as ignore other conditions which could have potentially ensured the safety of the community. But why do you say the district court ignored that? I mean, the district court had before it the magistrate judge's decision and all the recommendations. So why would we think that the district judge was ignoring those things? I think the concern is that the decisions that were handed about, both the first and the second time, provide little analysis as to what the district judge's decision was in this case. We recognize that the discussion talks about how we considered the 3142G factors. We recognize how the discussion says it considered the papers. But there's little explanation as to why the judge came to this conclusion. And that's the concerning part, Judge Menasche. That's the concerning part to us, is that there was no explanation offered as to why this condition is proposed by the magistrate judge, why the condition is proposed by the defense. He says there are very serious charges, and you don't dispute that. And then he talks about the weight of the evidence, right? And he says that there's evidence pointing to his guilt and evidence pointing to both. And he considers it both ways, right? So do you dispute that what we have before us is a situation where the evidence is in dispute? There's some evidence pointing to his guilt, and you're suggesting some evidence that points the other way. But is that the situation before us? I think the situation is that it's disputed, Justice Menasche. So if we have a situation where it's disputed, if there's just a factual dispute, how could it be clearly erroneous for the district court to have reached the conclusion that detention is required? I mean, this is a case where we have a presumption that he should be detained, right? Well, there's a presumption, Judge, and I'll get to that in a moment. But I think the important part for this panel to take a look at is the fact that the nature and circumstance of the offense, the weight of the evidence, traditionally that is considered the least important of the 3142G factors. As we cite in our brief, the Alston decision out of the D.C. Circuit, the Matamedi decision out of the Ninth Circuit, those opinions talk about why it's not the most important and why it's the least important. And one of the most important reasons why, of course, of all we know, is that there's a presumption of innocence that goes behind Mr. Turnquist before these charges are presented at trial and before he's convicted. And so to say that, well, there's strong evidence on one side, there's weak evidence on one side, I think the papers prove that there's issues in dispute. But, again, we look back to the history. You said that when we're faced with a situation where there's just a dispute as to whether the person is guilty of the charges, it can't be clearly erroneous for the district court to decide that the weight of the evidence favors detention, right? But what we think is clearly erroneous is when the district court focuses on one factor to the exclusion of others. And, again, it goes back to his decision. So what are the factors that you think the district court didn't consider? We don't believe that the district court adequately considered the history and characteristics that Mr. Turnquist presented. And as we put forth in our papers, as the bail report puts forth, verified by the probation officer, Mr. Turnquist has no previous arrests, no drug or alcohol abuse problems, no lack of cooperation with authorities. He voluntarily consented to an interview in this case. He has jobs as well as ties to the community, several in civil service. And all those things are the traditional things that district judges look at when they're evaluating, is this person going to be a danger to the community or not? Did they have an incriminating phone call with his wife? That's one piece of evidence. But, again, I guess, Justice Pooler, what I would say to that is that that goes to one of the other factors, which is the nature and circumstances of offense, the weight of the evidence problems. So he didn't rebut. He has to rebut the presumption that he would be a danger to the community. Isn't that correct? He has to rebut that. And so- And the district judge concluded that he didn't rebut that. And, again, another concern that we have is we set forth in our papers. As the case law sets forth, whether it's in Mattis, Mercedes, United States v. Rodriguez, the defense is obligated to present some evidence. Some evidence. And they have a burden of production. Not persuasion, but production to produce those things. And that's where we brought the presumption. Correct. And so in producing that evidence, what was presented by Mr. Turnquist? The bail report that was verified by probation, which commented on all those different things. My proffer to the district judge regarding information in the bail report, as well as other parts, as well as the bail motion, which took issue with several of the allegations that were made in this case, the credibility of the alleged victim in this case, all of those things were some evidence. So, again, when the district judge says, well, I don't believe they- Isn't that the kind of evidence you'd have in every case? I mean, don't you have just routinely that you would have a defendant who insists that he's not guilty of the charges? That's one part of the evidence. But, again, Judge, what we're looking at is also what are the factors that the judge was looking at as far as the government's burden to prove by clear and convincing evidence that he was a danger to the community and that no conditions or combinations of conditions would satisfy the ability to ensure the safety of the community. So the district court said he's found by clear and convincing evidence that he's a danger to the community. And on that side of the ledger, there is the statutory presumption that says when you're charged with offense involving minors, you're presumed to be a danger to the community. He looks at the evidence. He says there's a lot of evidence that corroborates the charges, right? And you're saying on the other side, there is some dispute as to the evidence and also the fact that he had not been charged of crimes before or has a history of not cooperating with law enforcement. Now, did those facts, like, compel the conclusion that the district court couldn't have decided that he's a danger to the community? We believe so, and the reason why is because in most cases where you have a defendant who does not have a criminal history, does not have a lack of cooperation, does not have a drug problem, does not have an alcohol problem, does not have all those traditional red flags that district judges use for reasons for detention or for not rebutting the presumption. The thing that I'm hung up on is Congress has told us that when you're charged with this kind of an offense involving minors, there's a presumption that you are a danger to the community, right? Congress didn't say only if you have a substance abuse problem or these other things. So, I mean, isn't that really the most important thing? And I notice my time is about to expire. So I guess how I would respond to that, Justice Mnuchin, is this, is that it's true that Congress did pass the statute and does put the presumption in play. But what Congress also stated was that the presumption itself can be rebutted. The presumption itself can be rebutted by a burden of production, not persuasion, by producing some evidence, as this Court has ruled in the past, which we believe we have done in this case. And when that occurs, the Bail Reform Act is clear that at that point in time, the presumption becomes one of the factors to consider, but you revert back to 3142G. And when you do that in this case, we believe that when there are no red flags present in the history and characteristics, when there are certain conditions put in place to help ensure the safety of the community, which, again, the judge doesn't discuss because he doesn't talk about how the conditions proposed by Judge McCarthy or others are inadequate, how removing him from situations where he might have contact with children are inadequate, there's a presumption of liberty that always goes along with the Bail Reform Act. Can I ask about those conditions? So one of the conditions that was proposed was that he wouldn't have contact with minors, including his minor daughter who's a witness. Correct. So she would live elsewhere. Is that right? She's already living elsewhere with her biological mother at this point, Judge. Okay. But he would have, he would be living with his other minor children, or are they covered by that condition? So what's not covered by Judge, sorry, Magistrate Judge McCarthy's order is that he would be allowed to live with Carly Turnquist, his now wife's biological children, not his biological children. But as we proposed, if that was not adequate, then he could live with his mother, he could live with his father. There's other conditions that could be crafted to allow him to be released, to ensure the safety that the government claims is put at risk with his release in those situations. And we believe that's the reason why the district judge clearly earned this case. Okay. Well, thank you, Mr. Singer. You've reserved time for rebuttal, so we'll hear from you again. But let's turn to Ms. Huggins. You may remove your mask during argument. You may at your option, if you want to. Thank you, I appreciate it. Good afternoon. May it please the court, Maeve Huggins on behalf of the appellee, the government. No clear error was committed by the district court. When the court ordered the defendant to be detained pre-trial, accordingly, this court should deny the defendant's appeal and motion. As this court's questions this afternoon indicate, and I know that this court is well aware of the constraints upon repellent view of detention orders, this court may reverse only where it is left with a definite and firm conviction that it was a mistake for the district court to order the defendant's pre-trial detention. As the court noted in Mattis, it is when the clearly erroneous standard plainly does not entitle a reviewing court to reverse the finding of the trier fact simply because it is convinced that it may be decided the case differently. Where there are two permissive views of the evidence, the fact finder's choice between them cannot be clearly erroneous. It is not proper, therefore, to inquire as to whether or not we may have decided the bail motion differently. Were we deciding it in the first instance? As our view is limited to whether the district court committed error in reaching its determination. Counsel, can I turn to the last thing that opposing counsel said? Yes. He talked about conditions that would make it safe for Mr. Turnquist to rejoin the community. What about those? Did the district court consider those? I would argue to your honor that the district court did consider all the facts. The facts that counsel notes, many of which are in dispute and favor detention here. The proposed conditions do not ameliorate the danger that this defendant presents to the community. Well, he would not live with any minor children under one of the proposals we just heard about. One of the proposals that we heard of was that he would reside with his mother, who is actually a witness to one of the charged trips in this instance. Also, as we note in our papers. Is that inappropriate that he live with someone like that? We think it's a factor that weighs in favor. So let me ask you a question. Where did Judge Sinatra specifically mention that factor? Judge Sinatra. I apologize, your honor, there's a delay. No, it's not your problem. It's the problem with the technologies. Don't worry about it. Did Judge Sinatra specifically mention that factor? That was proposed by counsel at the detention hearing. It was properly placed in front of the district court. And I understand that your honor is asking, is there some sort of recitation by the district court saying that he considered that? I don't believe there's one in the record. But as this court notes in Mattis, this court does not require a robotic incantation by the district court. So in Mattis we said that we're going to assume that everything before the district court, the district court considered. So we're not going to assume that he didn't consider it just because he doesn't specifically mention it. But he does actually, in his opinion, say one of the factors counseling in favor of detention was that he would have access to minors if he was released. And so that suggests that he wasn't really considering the possibility that he'd be separated from all minor children, right? No, I disagree, your honor. Because what was presented before the district court was that he would either be residing with his current wife, an individual who has pled guilty to a misdemeanor, attempted witness tampering with the very victim, who is the victim charged in this case, as well as possibly residing with the mother or the father. And so as your honor notes, that information was presented to the district court. The district court noted that he considered the extensive briefing, the record, the proffers, and the evidence that were submitted to him. And while there isn't some robotic statement saying I've considered every single piece- So the district court says that he would have access to minors. So if he lived with his parents and was separated from his minor daughter as well as the minor children of his current wife, would he still have access to minors? Well, your honor, that's something that could be presented to the district court if the defendant would so choose to present a bail package to that effect. Certainly, the order of detention is without prejudice, and that could be made again, presented in some sort of form as a bail package to the court. So you're saying that this order was premised on the alternative of the bail package that the magistrate judge proposed versus detention. And you're saying Turnquist could make another motion? He always could, but what is before this court is, is there clear error in the district court's finding that the defendant did not meet his burden of production? Because I guess that's my question. So if, as Mr. Singer just represented, they said to the district court, well, you know, if this isn't sufficient, we would be willing to separate him from all minor children. Did the district court have to think about that when it issued this order? The defendant could present that before the district court and make that application. But what is before this court right now is, was there clear error at the time that the defendant was detained here? And the defendant has not identified any clear error. He is simply just relitigating the facts, the disputed facts that were presented before the district court. So you're saying that Mr. Turnquist failed to rebut the presumption that he'd be a danger to the community or that the other factors the district court considered counseled in favor of detention or both in the alternative? Both. We think that there's no clear error in either finding. So we've said that to rebut the presumption just requires a limited production of evidence that he wouldn't be a danger to the community. So his dispute of the charges against him and the evidence against him and his focus on his own personal history, is that not evidence that would show that he's not a danger to the community? It certainly is some evidence to meet that burden of production. But it's not something that, as your honor noted, is every defendant placed in a similar position asserts their innocence. That is not anything beyond that assertion of innocence such that would rebut the presumption. And even if it did, although I'm not conceding that it did. Before we get to that, even if it did, so what kind of evidence does a defendant need to come forward with to rebut the presumption? It has to be something about how he, even if the charges were true, he wouldn't be dangerous? Or what would it be in particular? You're acknowledging that he came forward with some evidence here, but it wasn't enough. So what is that threshold that you're looking for that would be sufficient? Well, here, this is a case that involves a minor. The presumption is because the charge here involves a serious crime involving a minor. What this defendant has put forth to try to rebut that presumption is just that he would have no access to minors. However, that doesn't take into account the fact that there were real threats of violence that were proffered by the government, both to this victim by the defendant during the course of criminal conduct, but also on behalf of his current wife during the pendency of a state criminal case. Well, I don't see, I don't understand how his wife's difficulties somehow are attributable to him. You haven't made any allegations of a fact tying her conduct to whatever she did that was somehow orchestrated to him. I just don't understand how that somehow becomes relevant. Well, Your Honor, the defendant's wife— What fact in the record shows that in some way he encouraged his wife to do what she did on the road that day after the trial? Not a single shred of evidence that you've produced. Judge, the proposal— I don't understand if you keep bringing up the wife's transgressions. I understand that she did something wrong, but I don't understand how that relates to Mr. Trenquist's conduct or his eligibility for release. It seems like a red herring. Because the application to the court, the battle package, would be that he could reside with the wife. And so her conduct then becomes of concern for community safety. That's what you might also— I'm sorry, go ahead. I'm sorry. He offered to live with his father or his mother. And, Your Honor, the court considered all of those factors and found it did not outweigh the presumption here. So I ask you, how do we measure that? Because the court's decision the second time around is one page. How do we understand what he sifted through? I understand he doesn't have to do a robotic incantation. I completely agree with that. We're not going to hold judges to reciting a chapter and verse of everything they considered. But even on a simple thing like this, where he offers to live with his mom or his dad, the judge doesn't address it. How are we supposed to understand that he even exercised that discretion in regard to that? Well, because, Your Honor, he indicated that he considered not only the prior—the extensive written materials on this, the prior argument, but then also the government's proffer again. And so he has indicated that he's weighed all the factors. So I guess about the discussion about Mr. Turnquist's wife, I guess you might have said, is this right, that even if he is living with his mother or father, if keeping the minor children from him depended on his wife because she'd have custody of them, it wouldn't be a guarantee that he wouldn't have contact with them because she's implicated in his conduct? That's what we know in our papers for this very point, is the proposal that the wife would somehow police or ensure that the defendant does not pose a danger is problematic in and of itself because of her conduct evidenced by her conviction for attempted witness. Okay. And then can I ask just a small question, which is, so we now have two consolidated appeals. Do you agree that the first appeal must be moot now because Mr. Turnquist is being detained pursuant to the second order and not the first? I do, Your Honor. Okay. Counsel, is the government prepared to go forward with the trial on July 6th? Yes, Your Honor. In fact, it was scheduled for May. The government was prepared to go to trial in May. No adjournments? The adjournment to July was at the defendant's request, but the government is ready and able to go to trial as we were in May, and we will be prepared to do that in July. And I will ask Mr. Singer if the defendant is prepared to go ahead without adjournments too. Thank you. Thank you very much. Thank you. Mr. Huggins will turn back, or Ms. Huggins will turn back to Mr. Singer on rebuttal. So is the defendant prepared to go ahead without any adjournments? And, Justice Pooler, I believe he is. We're prepared to move forward. The only reason why we had to adjourn the trial or ask for an adjournment in the trial is because of the late-breaking, superseding indictment which derails our trial plans as well as this appeal. So we're prepared to move forward. Can I ask you just the question that I just asked, which is do you agree that the first appeal is now moved because Mr. Turnquist is being detained pursuant to the second order and not the first? I would agree with that, Judge, yes. I believe the facts are pertinent to our appeal here today. So we look at the first order because it was incorporated into the second order, but really only the second appeal is what's before us. That is correct, Judge. Okay. And I guess, you know, one thing I wanted to correct, the record is clear that Mr. Turnquist proposed various different conditions other than just living with his wife. I know District Judge Sinatra said he didn't consider that misconduct that Ms. Turnquist engaged in at least the first time around. But on either occasion, whether it was back in September of last year or March of this year, the defense presented alternatives that the judge could have considered that. And, again, getting back to some of your concerns, Justice Wesley, some of your concerns, I think, Justice Minashi, the clear error standard here is one that exists. I'm not going to debate that. But I think the concern here is that while the clear error standard talks about giving the district judge deference, we don't believe that the deference should be accorded here because there's no explanation. There's no findings of fact or conclusions of law as to why those conditions were inadequate, why Mr. Turnquist did not rebut the presumption of detention. Again, the opinion itself, the first time around was a page and a half, two pages.  And, you know, I can remember back to my days as a military prosecutor. One of the things I used to do was submit to the judge proposed findings of fact and conclusions of law so that the record in a decision would be clear for a couple of parties. The district court does say, you know, this is a presumption case because he's charged with a crime that gives rise to the presumption. He looks at the evidence. He says the evidence is pretty strong. He goes through the witnesses and so on. Why wouldn't that be enough to say that the presumption hasn't been rebutted? Well, what we would say, Judge, is that you take a look at the record. It can't be the case that just because there's evidence on both sides that it's clearly erroneous for him to say, well, I think the evidence is pretty heavy, points toward guilt, right? It can't be clearly erroneous if there's an explanation. But that's the problem in this case is that there is not an explanation. There is not an explanation. And that's the part that's concerning us. That's the reason why we're down here. Sorry, up here, down here, whatever you want to say as far as geography. But that's the reason why we're here today is because there's no explanation as to that. We asked those questions the first time. We received no answer from the district judge. We asked those questions the second time. We received no answer from the district judge. There's no explanation as to why the bail report didn't rebut the presumption. Why those conditions proposed, no matter what they are, no matter how they keep him away from children or not, no matter who his caretaker is not, is something that's inadequate and, therefore, is not something that, in fitting with the 3142G factors, favoring release. And, again, I go back to the point. So the argument you're making is that he doesn't provide enough of an explanation. But is the lack of, you know, as detailed an explanation as you think he should provide, is that enough to give us the definite and firm conviction that he made a mistake? I believe it is. Normally, when we're reviewing for clear error, it's not just that he should have explained himself more. It's that there's no way to justify what he did. And I think if you look at the facts, just Nashi, the remainder of the panel, and you look at the lack of explanation provided, that should give the panel a firm conviction that a mistake was made here. It should give them a firm conviction of the mistake because, again, the presumption is in favor of release, not detention in the system. And I realize there's a rebuttable presumption. But when some evidence is presented, which we did. Right. But then the presumption that he's a danger to the community remains. And so the framework that we've set up is that the government has the burden of showing he's a danger, but there's a presumption that he is a danger that lays on their side of the factor, of their factors. And, again, if you go back to the factors in this case and the facts of this case, if you look at the four factors that are involved, it comes down to, is this offense serious? There's no dispute it isn't. So factor one, maybe it weighs in favor of the government. But the other three factors, there's a dispute over the evidence. So maybe that's either way. The history and characteristics, we would argue, clearly favor release in this situation, since there are no traditional red flags. And as far as the danger of the community element, if you look at the factors that the judge put in place, the conditions he put in place, those would be adequate to ensure the safety of the community, safety of the victim. And there's nothing to explain otherwise. Okay. Thank you, Mr. Singer. The case is submitted. And because that is our only argued case this afternoon, we are adjourned. Court is adjourned.